UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH MICHAEL STEVENS,

      Plaintiff,

v.                                             Case No: 2:12-cv-448-FtM-29SPC

Abt. SRBI, INC. and JOY LAMB,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on Plaintiff's Affidavit of Indigency (Doc. #2) filed on August 16, 2012, which the Court construes as Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. Plaintiff *pro se* moves the Court to proceed *In Forma Pauperis* on a Complaint for relief pursuant to Title VII of the Civil Rights Act for discrimination against his previous employer Abt SRBI, Inc. and Joy Lamb based upon sex, race, and wrongful termination. When Plaintiff filed this Complaint he was incarcerated, but has since been released.

On September 4, 2012, the undersigned deferred ruling on Plaintiff's Motion and issued an Order to Show Cause (Doc. #9), directing Plaintiff to show cause by October 4, 2012 why this Court has jurisdiction over this matter, specifically whether Plaintiff filed a complaint with either the EEOC or the Florida Commission on Human Relations prior to the filing of this lawsuit. The Court informed Plaintiff that if he wished to file an amended complaint to allege this, he should do so. The Court warned Plaintiff in that Order that failure to respond could result in the action being dismissed. Plaintiff failed to file a response.

Seeing no response and noting that the Court had been informed in another case which Plaintiff had filed that he had been released and his address had changed,[1] on October 11, 2012, the undersigned issued another Order (Doc. #10), directing Plaintiff to show cause by October 23, 2012 why this Court has jurisdiction over this matter, specifically whether Plaintiff filed a complaint with either the EEOC or the Florida Commission on Human Relations prior to the filing of this lawsuit. The Court again cautioned Plaintiff that failure to respond could result in the action being dismissed. The Court also directed that the Order be sent to Plaintiff's new address. Plaintiff failed to file a response.

Again seeing no response, but in an abundance of caution given that it was unclear whether Plaintiff received the Court's first Order to Show Cause since he was being released about this time, the Court directed the Clerk to send the first Order to Show Cause to Plaintiff at his new address and directed Plaintiff to file a response by November 13, 2012. (Doc. #11). Again, the Court warned Plaintiff that failure to respond could result in this action being dismissed. Plaintiff failed to file a response.

Under 28 U.S.C. §1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of a civil action without requiring payment of fees, costs or security if the potential plaintiff has filed an affidavit that she is unable to pay such costs or give security. Jones v. St. Vincents Health System, 2007 WL 1789242, *1 (M.D. Fla. June 19, 2007). "The Court's decision of whether to grant *in forma pauperis* status is discretionary." Id. (citing Pace v. Evans, 709 F.2d 1428 (11th Cir. 1983)). An individual should only receive *in forma pauperis* status if he is truly indigent, and the only determination the court should make is whether the statements contained in the affidavit satisfy the poverty requirement. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. Apr. 2, 2004); Jones, 2007 WL 1789242 at *1.

---

[1] See Stevens v. Barringer, et al., No. 2:11-cv-697-UA-SPC (Doc. #52).

Accordingly, an affidavit, which addresses the statutory language "should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is absolutely destitute to qualify for indigent status under §1915." Martinez, 364 F.3d at 1307 (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 338-40 (1948) (internal quotations omitted).

Once an affidavit demonstrates sufficient economic eligibility on its face, the court should proceed to determine the sufficiency of the claim. Martinez, 364 F.3d at 1307 (quoting Watson, 525 F.2d at 891). When reviewing the plaintiff's claim, the District Court is authorized to dismiss the case if the action is frivolous and malicious[2], fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Ex parte Chayoon, 2006 WL 3841790, *1 (M.D. Fla. Dec. 15, 2006) (quoting 28 U.S.C. §1915(e)(2)(B)). The Federal Rule of Civil Procedure 8(a) requires that a pleading set forth a claim of relief and contain a "short and plain statement" in which the pleader is entitled to relief. However, the District Court should hold *pro se* complaints to a less stringent standard than pleadings drafted by attorneys. Ortiz v. Degrees, 2010 WL 2889773, *1 (M.D. Fla. June 28, 2010) (citing Watson v. Ault, 525 F.2d 886, 891 (5th Cir. 1976)).[3]

It appears from a review of Plaintiff's Complaint (Doc. #1) that Plaintiff requests relief under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.02, for employment discrimination against his previous employer, Abt. SRBI, Inc. and supervisor Joy Lamb, based upon sex, race, and wrongful termination. This does not allege a basis for federal question jurisdiction.

---

[2] A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

Discrimination under the Florida Civil Rights Act is a state law claim, which standing alone, the Court does not have jurisdiction over. This claim must be brought in state court. It is also unclear from the Complaint whether this Court would have diversity jurisdiction over this matter, which requires complete diversity between the parties and the amount in controversy to be *in excess* of $75,000. Plaintiff does not assert in his Complaint the amount of monetary damages that he is seeking.

An employment discrimination claim brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), would be a basis upon which this Court has federal question jurisdiction, but this is not alleged in the Complaint. To the extent that Plaintiff is asserting a Title VII claim against Defendants, from the face of the Complaint, the Court does not know whether Plaintiff has exhausted his administrative remedies. Before instituting a Title VII action in federal district court, a private plaintiff must file an Equal Employment Opportunity Commission (EEOC) complaint against the discriminating party and receive statutory notice from the EEOC of his right to sue the respondent named in the charge. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001); Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996). "The purpose of this exhaustion requirement is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004) (internal quotation marks and citations omitted). The right-to-sue letter is not a jurisdictional prerequisite, however, but is a condition precedent to filing suit. Pinkard v. Pullman–Standard, 678 F.2d 1211, 1217 (5th Cir. 1982). An EEOC charge is not a mere formality, since the scope of a judicial complaint is limited to the scope of the EEOC

investigation which can reasonably be expected to grow out of the charge of discrimination. Francois v. Miami Dade County, Port of Miami, 432 F. App'x 819, 821 (11th Cir. 2011); Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 169 (11th Cir. 1988). Additionally, "a plaintiff must generally allege in his complaint that 'all conditions precedent to the institution of the lawsuit have been fulfilled.'" Jackson v. Seaboard C.L.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982) (quoting Fed. R. Civ. P. 9(c)).[4]

The Court having given Plaintiff every opportunity, and Plaintiff having failed to act, now recommends that Plaintiff's Motion to Proceed IFP be denied as Plaintiff's Complaint fails to state a claim on which relief may be granted. He has failed to allege that he has exhausted his administrative remedies after being afforded multiple chances to do so. And further due to the fact that Plaintiff has failed to prosecute his case, his request to proceed *in forma pauperis* should be denied and the action dismissed.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

Plaintiff's Affidavit of Indigency (Doc. #2) be **DENIED** and the cause be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 14th day of November, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[4] The Florida Civil Rights Act also requires that prior to the filing of a civil action a complaint must be filed with the Florida Commission on Human Relations within 365 days of the alleged violation. See Fla Stat. § 760.11(1).